UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> JAGMAIL S. GILL § <br>     Defendant. § | Case No.: 4:18-cv-04020 |

### ANSWER AND AFFIRMATIVE DEFENSES
### DEMAND FOR JURY

Jagmail S. Gill ("Defendant") hereby submits this Answer to the United States of America ("United States") in this civil action to collect outstanding civil penalties assessed against Defendant for alleged failure to timely report financial interests in foreign bank accounts as required by 31 U.S.C § 5314, and asserts affirmative defenses as follows.  Defendant also demands a jury in this matter to all matters so triable.

### RESPONSE TO SPECIFIC ALLEGATIONS

Answering the specific allegations of the Complaint, Defendant responds with the following paragraphs, which correspond sequentially to the paragraphs in the United States' Complaint.  Except as expressly admitted, Defendant denies each and every averment set forth in the Complaint.

1. Admit.

2. Admits venue is proper in this district.  Denies the Defendant has ever maintained a residence in the United States.

3. Paragraph 3 is a statement of law not requiring a response.  To the extent a response is required, the allegations are denied.

4. Paragraph 4 is a statement of law not requiring a response. To the extent a response is required, the allegations are denied.

5. Admit that Defendant became a U.S. green card holder in 1984 and a U.S. Citizen in 2008. Deny the remaining allegations.

6. Admit that in 1989 Defendant and his family members purchased a private airport that was owned by Northwest Airport Management (NAM). Deny it is a corporation. Deny that Defendant was the director of NAM in 2005-2010. Admit that Defendant received reportable income from NAM as reflected on amended income tax returns filed with the IRS for the years 2005 – 2010.

7. Admit that Defendant owned 51% of NAM. Admit that the Compatriot Holdings Limited (CHL) owned the remaining 49% of NAM. Admit that CHL was owned by Jagmail Gill and other members of his family.

8. Admit that Jetson Properties (JPL) was incorporated in Isle of Man. Admit that JPL became a holding company of CHL. Do not have sufficient information to admit or deny date of incorporation.

9. Deny.

10. Deny.

11. Admit that Gill & Company changed its name to Whitechurch Lane Ltd within the 2007-2008 timeframe.

12. Admit that in December 2008, Defendant acquired a 26% ownership interest in Glissen Properties Ltd.

13. Defendant reported rental income on Schedule E during the 2005-20100 timeframe. Deny the remaining allegations.

#72974975_v1

14. Admit that defendant filed FBARs on or around December 9, 2011 as part of the IRS Offshore Voluntary Disclosure Program for 2005-2010. Admit that the FBARs reported several foreign accounts. Deny the remaining allegations.

15. Admit that Defendant filed 1040 U.S. income tax returns for the 2005-2010 years and later submitted amended income tax returns as part of the IRS Offshore Voluntary Disclosure Program reflecting additional foreign income and claiming foreign tax credits. Admit that the original income tax returns and the amended income tax returns list address as Spring, Texas. Deny the remaining allegations.

16. Admit that in 2005 Defendant had signature authority, control or an interest in a foreign bank accounts as listed.  Deny that the accounts were required to be reported on Defendant's income tax return.. Admit the total penalty amount for 2005 was $89,335.

17. [Sic.]

18. Admit that in 2006 Defendant had signature authority, control or an interest in a foreign bank accounts as listed, except with respect to Allied Irish 4 ending in 5067.  Defendant is still reviewing files to determine whether the information regarding Allied Irish 4 is correct.  Deny that the accounts were required to be reported on Defendant's income tax return. Admit the total penalty amount for 2006 was $106,739.

19. Admit that in 2007 Defendant had signature authority, control or an interest in a foreign bank accounts as listed, except with respect to Allied Irish 4 ending in 5067.  Defendant is still reviewing files to determine whether the information regarding Allied Irish 4 is correct.  Deny that the accounts were required to be reported on Defendant's income tax return. Admit the total penalty amount for 2007 was $115,567.

#72974975_v1

20. Admit that in 2008 Defendant had signature authority, control or an interest in a foreign bank accounts as listed, except with respect to Barclays ending 6729 and HSBC 7007. Defendant is still reviewing files to determine whether the information regarding these accounts is correct. Deny that the accounts were required to be reported on Defendant's income tax return. Admit the total penalty amount for 2008 was $134,237.

21. Admit that in 2009 Defendant had signature authority, control or an interest in a foreign bank accounts as listed, except with respect to NatWest 1 3027, Barclays 3 3401, Barclays 5 6789, HSBC 4 7007, Punjab 4 0095, Punjab 3 0086, NatWest 6 7838. Defendant is still reviewing files to determine whether the information regarding these accounts is correct. Deny that the accounts were required to be reported on Defendant's income tax return. Admit the total penalty amount for 2009 was $140,142.

22. Admit that in 2010 Defendant had signature authority, control or an interest in a foreign bank accounts as listed, except with respect to NatWest 1 3027, Barclays 3 3401, Barclays 5 6789, HSBC 4 7007, Punjab 4 00956, Punjab 3 0086, NatWest 5 9171, NatWest 6 7838. Defendant is still reviewing files to determine whether the information regarding these accounts is correct. Deny that the accounts were required to be reported on Defendant's income tax return. Admit the total penalty amount for 2010 was $154,827.

23. The Defendant is still reviewing files to determine what, if any, additional foreign accounts existed, when they existed, and the balance of any additional accounts and therefore denies the total balance.

24. The Defendant is still reviewing files to determine what, if any, additional foreign accounts existed, when they existed, and the balance of any additional accounts and therefore denies the total balance.

25. The Defendant is still reviewing files to determine what, if any, additional foreign accounts existed, when they existed, and the balance of any additional accounts and therefore denies the total balance.

26. The Defendant is still reviewing files to determine what, if any, additional foreign accounts existed, when they existed, and the balance of any additional accounts and therefore denies the total balance.

27. The Defendant is still reviewing files to determine what, if any, additional foreign accounts existed, when they existed, and the balance of any additional accounts and therefore denies the total balance.

28. The Defendant is still reviewing files to determine what, if any, additional foreign accounts existed, when they existed, and the balance of any additional accounts and therefore denies the total balance.

29. Admits that Defendant had foreign account with total balance of greater than $10,000 for the 2005-2010 years.

30. Deny.

31. Defendant does not have sufficient information to admit or deny the first, second, or third sentence. Defendant denies the fourth sentence.

32. Admit that Defendant did not timely file FBARs for the 2005-2010 years. Deny any implication that the Defendant was under an obligation to do so.

33. Paragraph 33 is a conclusion of law not requiring a response. To the extent a response is required the allegations are denied.

34. Admit. Deny any implication that the Defendant was under an obligation to do so.

35. Deny.

36. Admit that Defendant did not timely file FBARs for the 2005-2010 years. Deny any implication that the Defendant was under an obligation to do so.

37. Admit that Defendant filed 1040 U.S. income tax returns for the 2005-2010 years and later submitted amended income tax returns as part of the IRS Offshore Voluntary Disclosure Program reflecting additional foreign income and claiming foreign tax credits.

38. Admit that Defendant filed 1040 U.S. income tax returns for the 2005-2010 years and later submitted amended income tax returns as part of the IRS Offshore Voluntary Disclosure Program reflecting additional foreign income and claiming foreign tax credits. Deny that failure to report created any tax deficiencies.

39. Admit that 31 U.S.C. § 5321(a)(5) provides authority to impose a penalty for failure to meet the FBAR obligations as set forth in 31 U.S.C. § 5314. The authority is discretionary. Deny any remaining allegations.

40. Admit that the Secretary of the U.S. Treasury assessed penalties under 31 U.S.C. § 5321 against Defendant in the amounts listed.

41. Admit that Defendant signed several consents, deny the remaining allegations including the legal effect of such consents.

42. Admit that the U.S. Department of Treasury has demanded payments for the amounts in paragraph 40 of the Complaint through IRS Letter 3708 dated October 28, 2016.

43. Admit that Defendant has not paid the amounts reflected in paragraph 40 and admits that penalties assessed under 31 U.S.C. § 5321 accrue interest until paid or abated.

44. Defendant does not have sufficient information or knowledge to admit or deny.

45. Defendant does not have sufficient information or knowledge to admit or deny.
#72974975_v1

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted. Defendant did not have an FBAR filing obligation for the years 2005-2007.  Defendant had reasonable cause for not filing an FBAR under 31 U.S.C. § 5321(a)(5)(B)(ii) and therefore no penalty can be imposed.  Defendant relied on qualified tax preparers in 2005-2010.

2. The Eighth Amendment provides that the federal government cannot impose "excessive fines."  The penalties assessed against Defendant are "grossly disproportional" to the gravity of his offense in violation of the Eight Amendment of the Constitution.

3. The IRS acted unreasonable, arbitrary, capricious and under an abuse of discretion under 5 U.S.C. § 706 in assessing penalties against Defendant.  The IRS did not follow its internal procedures and guidelines in assessment of the penalties.

4. There is no statute granting the Secretary of the Treasury the authority to extend the statute of limitations for civil penalties assessed pursuant to 31 U.S.C. § 5321.  The penalties assessed against Defendant are time barred by the statute of limitations. Similarly, Defendant reserves the right to argue this litigation is time barred until evidence can be propounded showing assessment dates.

5. Defendant expressly reserves the right to amend and/or raise additional affirmative defenses as they become available or apparent.

## PRAYER

WHEREFORE, Defendant prays that the Court dismiss the United States' Complaint and for any and all further relief to which he shows himself entitled.

Dated: February 14, 2020

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By:  *s/ Annapoorni R. Sankaran*
Annapoorni R. Sankaran
Anna.Sankaran@hklaw.com
Texas Bar No. 24071918
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone:  (713) 821-7000
Facsimile: (713) 821-7001

**ATTORNEY FOR DEFENDANT**
**AMARJIT K. GILL**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on counsel identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Herbert W. Linder, Esq.
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
Telephone: 214.880.9754
Facsimile: 214.880.9774
Email: Herbert.W.Linder@usdoj.gov

*/s/ Annapoorni R. Sankaran*
Annapoorni R. Sankaran

#72974975_v1