IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. H-18-4020 |
| ) | |
| JAGMAIL S. GILL, and | |
| AMARJIT K. Gill ) | |
| ) | |
| Defendant, ) | |

### UNITED STATES' MOTION TO APPOINT AND SUBSTITUTE PERSONAL REPRESENTATIVE FOR THE ESTATE OF JAGMAIL S. GILL

Pursuant to 28 U.S.C. § 1651 and Rule 25 of the Federal Rules of Civil Procedure, the United States of America, files this Motion to Appoint a Personal Representative for the estate of Jagmail S. Gill for the limited purpose of defending this suit and to substitute such personal representative for the now deceased Jagmail Gill. In support of this request, the United States shows as follows:

1. On October 24, 2018, the United States brought separate actions to collect penalties assessed against defendants Jagmail Gill and his wife, Amarjit Gill, for their failure to report their financial interest in foreign bank accounts for calendar years 2005 through 2010 ("FBAR penalties"). The United States seeks to recover $740,848 in penalties against Jagmail Gill for failure to report numerous foreign accounts. In contrast, the United States seeks to recover only $55,304 in penalties against Amarjit Gill for failure to report, with one exception, entirely different foreign accounts. Both Jagmail Gill and Amarjit Gill were personally served and have filed Answers. The two cases were consolidated on April 2, 2020. (ECF 21).

2. On April 28, 2020, Counsel for Jagmail and Amarjit Gill informed the United States by letter that Jagmail Gill had passed away on April 2, 2020, in the United Kingdom.

3. The FBAR penalties assessed against Jagmail Gill during his lifetime do not abate upon his death; instead, they survived his death. *See, e.g.*, *United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1375–1376 (M.D. Fla. Sept. 25, 2018) (collecting cases); *see also United States v. Green*, No.1:19-CV-24026-KMM, 2020 WL 1980859, at *7 (S.D. Fla. Apr. 27, 2020).

4. The estate of Jagmail Gill is not a legal entity and cannot be sued as such. *See Henson v. Estate of Crow*, 734 S.W.2d 648 (Tex. 1987) (citing *Price v. Estate of Anderson*, 552 S.W.3d 690, 691 (Tex. 1975)). The proper defendant in this case is the executor or personal representative of Jagmail Gill's estate.

5. Rule 25 of the Federal Rules of Civil Procedure allows this Court to order substitution of the proper party upon the death of a party. But if the motion for substitution is not made within 90 days after service of a statement noting the death, the action against the decedent must be dismissed. Accordingly, it appears that a motion to substitute the personal representative of Jagmail Gill's estate as a defendant must be filed by July 27, 2020.[1]

6. On May 14, 2020, the United States filed a Suggestion of Death with this Court. (ECF 22). In that notice, the United States noted that it was "unaware if an estate has been opened on behalf of Jagmail Gill or if an executor/executrix has been named to represent the Estate of Jagmail Gill." Consequently, in anticipation that Defendant Amarjit Gill, as wife of the now deceased Jagmail Gill, might promptly open a probate proceeding in state court and seek

---

[1] The United States was notified of Jagmail Gill's death by email, and it is not clear that such method of service was adequate to start to clock running under Rule 25. However, in an abundance of caution the United States considers July 27, 2020 the earliest date that it's time to file this motion might expire.

appointment as personal representative for Jagmail Gill's estate, the United States did not file a motion for substitution at that time.

7. On June 25, 2020, Counsel for Amarjit Gill responded to an email inquiry from this Court about the status of the case with the following:

> [T]he defendants are doing everything they can to act expeditiously. We recently received the United States' initial disclosures and are preparing the defendants' disclosures for service on DOJ counsel. We intend to serve the initial disclosures by the close of business tomorrow. ***The formal opening of the estate and naming of an executor/executrix has also been delayed,*** however, the defendants will inform the United States and the court as soon as an official is formally named to represent the estate.

Gov. Exhibit A (emphasis added).

8. On July 1, 2020, Counsel for Amarjit Gill provided the following update:

> As promised, I discussed the status of official appointment of an estate representative for Mr. Gill with the clients. ***Unfortunately, it does not appear that we can provide you a date certain for official appointment of the executor/executrix. Mr. Gill's estate involves assets across four different international jurisdictions and the coordinating of estate matters, including the official appointment of an executor/executrix here in the United states, during a pandemic is causing expected delays. Any estimate at this point cannot be guaranteed and we do not want to promise a date and not be able to meet that deadline.*** We would still request that you hold off on filing any motion with the court to appoint a representative because we believe that the estate is ***likely*** to be opened, and a formal appointment of the executor/executrix made, before briefing is completed and the court has time to rule on the motion. The client is working as hard as they can to finalize matters so that the estate can be formally opened in the United States and an executor/executrix officially appointed by the probate court. However, if you feel you cannot wait, and must file your motion, you may indicate that we are opposed and we will respond to the motion.

Gov. Exhibit B (emphasis added).

9. At the time of this filing, no probate estate has been established for Jagmail Gill and no personal representative has been appointed for his estate.

10. The United States understands that the process of appointing a personal representative for Jagmail Gill in state court may take more time than anticipated by Rule

3

25, however the United States must protect its claims against Jagmail Gill from being subject to dismissal under Rule 25 if the aforementioned delays continue beyond July 27, 2020 – which now appears inevitable.  Furthermore, without accusing Amarjit Gill or the other potential heirs of Jagmail Gill of any intentional delay, the fact that they might benefit financially if the United States' claims against Jagmail Gill for over $740,000 were dismissed under Rule 25 cannot be ignored and would be inconsistent with leaving them in sole control of the timing of an appointment of a personal representative to defend this suit.  Accordingly, the United States moves this Court to appoint a personal representative for the limited purpose of defending this suit and to substitute such person appointed by this Court for the decedent.  In the event that a different personal representative is eventually appointed in state court for broader purposes, another substitution may be made.

11.     As explained below, this Court has authority to appoint a personal representative for Jagmail Gill's estate for the limited purpose of defending this suit, and the United States does not seek to have this Court probate Jagmail Gill's will, administer his estate, or dispose of his property. As such, the limited appointment of a representative to accept service of process (which has already been completed) and defend this suit is not prohibited by the probate exception to federal jurisdiction. Accordingly, the United States proposes that the Court allow the United States to serve an order of appointment on each category of persons authorized by Texas law to be the personal representative, in the order established by Texas law, until one of those persons accepts the appointment.

12.     At least two other courts have followed this approach by designating a personal representative on behalf of an estate. *See, e.g.*, *Murphy v. United States*, No.

3:18-CV-2809-E-BK, 2020 WL 1547848, at *1 (N.D. Tex. Feb 5, 2020) ("The Government . . . requested that the Estate remain a party to the action until a personal representative was appointed. To that end, the Government simultaneously moved to appoint a personal representative for the Estate. That motion was granted.") (internal citations omitted). Exhibits C[2] and D.

13. Once a representative is appointed for Jagmail Gill's estate, the United States will amend its complaint to substitute that person in place of Jagmail Gill.

## ARGUMENT

The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 328 (3d Cir. 2007) (noting that the All Writs Act confers "extraordinary powers" on federal courts); *Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (11th Cir. 2006) (opining that the All Writs Act invests federal courts with "broad authority"). "The broad power conferred by the All Writs Act is aimed at achieving 'the rational ends of law.' Thus, courts have significant flexibility in exercising their authority under the Act." *United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)). *See United States v. Li*, 55 F.3d 325, 329 (7th Cir. 1995) ("Federal courts have long recognized that the purpose of the All Writs Act is to provide the instruments necessary to perform their duty, assuming those instruments are 'agreeable' to the usages and principles of law.").

---

[2] In addition to relying on 28 U.S.C. § 1651(a) in both cases, the United States also relied on 26 U.S.C. § 7402 in Murphy (Exhibit c) because its claims there were for taxes under Title 26. There are no Title 26 tax claims at issue in this case, and therefore the United States does not rely on 26 U.S.C. § 7402 in this motion.

5

Per the plain language of the statute, a party seeking relief under the Act must show that: (1) the Court has an independent basis for subject matter jurisdiction over the case; (2) issuing the writ is necessary or appropriate in aid of that jurisdiction; and (3) issuing the writ is agreeable to the usages and principles of law. The United States addresses each requirement in turn.

### a. The Court has independent bases for subject matter jurisdiction over this case.

The All Writs Act requires that any federal court invoking it must have an independent source of subject matter jurisdiction. In other words, the Act cannot itself provide a basis for jurisdiction over the underlying dispute. *See United States v. Denedo*, 556 U.S. 904, 911 (2009) ("As the text of the All Writs Act recognizes, a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy."); *Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011) ("[T]he statute does not provide federal courts with an independent source of jurisdiction to issue writs, but only with the authority to issue writs 'in aid of their respective jurisdictions.'") (quoting 28 U.S.C. § 1651(a)).

This Court has two independent bases for subject matter jurisdiction over this action. First, this Court has jurisdiction under 28 U.S.C. § 1345 because this case was commenced by the United States. *See* 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."). Second, this Court also has jurisdiction under 28 U.S.C. § 1335(a) because the United seeks to collect penalties assessed against Jagmail Gill under 31 U.S.C. § 5321(a). *See* 28 U.S.C. § 1355(a) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any

6

action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . .").

### b. Issuing a writ that appoints a personal representative for the Estate is necessary or appropriate in aid of the Court's jurisdiction.

Any writ issued under the All Writs Act must be necessary or appropriate in aid of the Court's jurisdiction. 28 U.S.C. § 1651(a). Here, it is both necessary and appropriate for the Court to appoint a personal representative for the limited purpose of defending against this litigation on behalf of Jagmail Gill's estate. Jagmail Gill passed away on April 2, 2020, but no probate estate has been opened. Until a personal representative is appointed, the case simply cannot move forward. This is because under Texas law, only a personal representative can prosecute or defend an action on behalf of a decedent. *See Henson v. Estate of Crow*, 734 S.W.2d 648 (Tex. 1987), *citing Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975); Tex. Est. Code Ann. § 351.051(a)(4) (West) (authorizing a personal representative to "make a compromise or settlement in relation to property or a claim in dispute or litigation").[3]

Justice requires that this case be permitted to proceed to adjudication. The United States assessed penalties against Jagmail Gill for failing to timely file his financial interest in a substantial number of foreign bank accounts over a five-year period. When these penalties were assessed against him on October 28, 2016, they totaled **$740,848**. (ECF 1, ¶ 40). Despite the notice and demand for payment, Jagmail Gill failed to pay the penalties assessed against him, thereby allowing interest and other statutory additions to accrue. As of September 1, 2017, he

---

[3] An exception under Section 453.003 of the Texas Estate Codes allows a surviving spouse to prosecute and defend certain claims pertaining to the community property when no executor or administration has been appointed. However, here, the United States does not yet have sufficient information to determine whether this provision would give the decedent's surviving spouse all of the authority needed to defend this suit for a judgment of personal liability against the decedent which might then be payable from community property.

7

owed the United States **$784,608.78**. (ECF 1, ¶ 44). The estate of Jagmail Gill may have valid defenses to assert, and it should be permitted that opportunity. But currently, it appears that no one has standing to present those defenses to the Court. Likewise, it appears that no one currently has standing to negotiate a settlement on behalf of Jagmail Gill's estate. In contrast, the United States' seeks to recover only $55,304 from Amarjit Gill, and she may have a financial incentive to delay the appointment of a personal representative for Jagmail Gill's estate until the 90 days under Rule 25 has expired and the United States' much larger claims against him would be subject to dismissal.

The United States has considered petitioning a probate court to open an estate for Jagmail Gill. However, resorting to that process is unwarranted given that the United States is only seeking a personal representative to defend the estate in this litigation and avoid having its claims against Jagmail Gill dismissed under Rule 25. The United States would likely have difficulty preparing a petition in probate court given that it has limited knowledge about the decedent's assets, debts, and surviving family members. Additionally, it could take a significant period of time to obtain the necessary relief in the probate court. As stated, the potential deadline to file a motion for substitution in this case is July 27, 2020.

    **c. Issuing a writ that appoints a personal representative for the estate of Jagmail Gill is agreeable to the usages and principles of law.**

Any writ issued under the All Writs Act must be "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). For purposes of this particular writ, it is necessary to discuss the "probate exception" to federal court jurisdiction and Texas probate law.

        **i. The requested writ does not run afoul of the probate exception.**

The probate exception "precludes federal courts from interfering with persons and property that are in the custody of a state probate court." *Sykes v. Cook Cty. Circuit Court Prob.*

*Div.*, 837 F.3d 736, 741 (7th Cir. 2016). This exception[4] reflects "the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). Put another way:

> The rationale for the rule is that in situations where a state court controls the subject of a custody battle or the property in a decedent's estate, another court should not 'be permitted to elbow its way into such a fight,' particularly because state courts are assumed to have developed a core proficiency in probate and domestic relations matters.

*Sykes*, 837 F.3d at 741 (quoting *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007)).

As the Supreme Court explained in *Marshall*, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." 547 U.S. at 311–12. However, "it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. This doctrine is "narrow," *id.* at 305, and "of distinctly limited scope." *Id.* at 310. Similarly, the court in *Williams v. United States* held that the probate limitation did not foreclose federal district court's jurisdiction to adjudicate United States' cross-claim seeking determination of validity and amount of tax claims against decedent's estate, where judgment sought would not interfere with state probate court's possession of estate property or implicate validity of probate court proceedings. 327 F. Supp.2d 720 (S.D. Tex. 2004).

---

[4] The probate exception is generally referred to as "the probate exception to federal *diversity* jurisdiction." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015) (emphasis added). *See Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("The probate exception is usually invoked in diversity cases, and the courts are divided over its applicability to federal-question cases, such as this case."). This is not a diversity case, as noted above. Even assuming the probate exception could apply to this case, it does not prohibit the requested writ.

Post-*Marshall*, "the probate exception is limited to two categories of cases: (1) those that require the court to probate or annul a will or to administer a decedent's estate, and (2) those that require the court to dispose of property in the custody of a state probate court." *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680–81 (4th Cir. 2015). *See Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008) (concluding that prior cases which "interpreted the probate exception as a jurisdictional bar to claims 'interfering' with the probate, but not seeking to probate a will, administer an estate, or assume in rem jurisdiction over property in the custody of the probate court" reflect an interpretation of the doctrine that "was overbroad and has been superseded by *Marshall*").

Issuing the requested writ would not require this Court to probate Jagmail Gill's will, administer his estate, or dispose of property that is in the custody of a state probate court. Rather, the writ would merely appoint a personal representative for Jagmail Gill's estate for the limited purpose of defending against the Government's claims in this case. *See Lee Graham Shopping Ctr.*, 777 F.3d at 681 ("A case does not fall under the probate exception if it merely impacts a state court's performance of one of these tasks [referring to those enumerated by the *Marshall* Court]."). Accordingly, the requested writ does not run afoul of the probate exception.

### ii. The requested writ is consistent with Texas probate law.

As noted above, under Texas law, a personal representative can make a compromise or settlement in relation to property or a claim in dispute or litigation. *See* Tex. Est. Code Ann. § 351.051 (West). Consistent with this rule, the requested writ appoints a personal representative to represent Jagmail Gill's estate for purposes of this litigation.

Texas law also specifies that when a court is appointing a personal representative, it shall grant letters testamentary or of administration to persons qualified to act, in the following order:

(1) the person named as executor in the decedent's will;

(1-a) the person designated as administrator as authorized under Section 254.006;

(2) the decedent's surviving spouse;

(3) the principal devisee of the decedent;

(4) any devisee of the decedent;

(5) the next of kin of the decedent;

(6) a creditor of the decedent;

(7) any person of good character residing in the county who applies for the letters;

(8) any other person who is not disqualified under Section 304.003; and

(9) any appointed public probate administrator.

Tex. Est. Code Ann. § 304.001 (West).

The requested writ is also consistent with this provision of Texas law. It establishes a list of possible personal representatives that observes the mandatory order of priority, based upon the limited information available at this time. It also requests additional information from Amarjit Gill regarding other individuals who should be considered for the appointment.

The United States has already requested a copy of the decedent's will from counsel for Mrs. Gill so that it may properly serve any person designated in the will as an executor or administrator with a writ or order issued from this Court to accept or decline an appointment as personal representative. However, to date, no copy of the will has been provided. The next person given priority for appointment by Texas law is the spouse of the decedent. Here, that is

Amarjit Gill who is already a defendant in this federal suit involving the same issues and at least one overlapping foreign account. Moreover, because it is possible that the United States' claims against Jagmail Gill may be a claim against the community estate of Jagmail Gill and Amarjit Gill, Section 453.003 of the Texas Estates Code may give her additional authority to defend those claims.

    For the reasons set forth above, the United States moves the Court to enter the attached proposed order beginning the process to appoint and substitute a personal representative for the estate of Jagmail Gill.

    RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Herbert W. Linder
HERBET W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9754
(214) 880-9741 (facsimile)
Herbert.W.Linder@usdoj.gov
ATTORNEYS FOR THE UNITED STATES

## **CERTIFICATE OF CONFERENCE**

      I certify that I conferred with counsel for Defendants, Joshua Smeltzer, on June 30, 2020, and he stated that he was opposed to the relief sought in the motion.

                                           /s/ Herbert W. Linder
                                           Herbert W. Linder

## **CERTIFICATE OF SERVICE**

      I certify that on July 8, 2020, notice of filing of this document was made by delivery of the notice of electronic filing that is automatically generated by ECF on the following registered ECF users pursuant to Local Rule 5.1(d):

Nicole M. Elliott
HOLLAND & KNIGHT
800 17th Street NW, NW, Suite 1100
Washington, D.C. 20006

Joshua D. Smeltzer, Esq.
Brown Fox, PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225

                                        /s/Herbert W. Linder
                                        HERBERT W. LINDER