IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. H-18-4020 |
| ) | |
| AMARJIT K. GILL, as PERSONAL ) | |
| REPRESENTATIVE OF THE ESTATE OF ) | |
| JAGMAIL GILL, and ) | |
| AMARJIT K. GILL ) | |
| ) | |
| Defendants, ) | |

**UNOPPOSED UNITED STATES' MOTION TO STAY THE CASE PENDING THE OUTCOME OF THE FIFTH CRICUIT DECISION**

The Plaintiff the United States of America moves the Court to stay and administratively close this case pending the outcome of *United States v. Alexandru Bittner*, Case No. 20-40597, in the United States Court of Appeals for the Fifth Circuit, and states as follows:

The IRS assessed non-willful FBAR penalties separately against Jagmail Gill and Amarjit Gill for their failure to report the existence of foreign accounts on a per account basis. *See* 31 U.S.C. § 5321(a)(5)(B)(i). The United States' position and the IRS' assessments in this case conflict with the non-binding authority on whether the maximum penalty is $10,000 per account violation and or per annual form violation. *See United States v. Bittner*, 469 F. Supp. 3d 709 (E.D.Tex., 2020)($10,000 per year), *United States v. Boyd*, 2021 WL 1113531 (C.A.9 (Cal.), 2021) ($10,000 per year), *United States v. Kaufman*, 2021 WL 83478 (D. Conn. 2021)($10,000 per year).

The *United States v. Bittner* case is on appeal to the Fifth Circuit Court of Appeals. *See United States v. Alexandru Bittner*, Case No. 20-40597, in the United States Court of Appeals for

the Fifth Circuit. Thus, the Fifth Circuit will be deciding the issue of whether the non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(5)(B)(i) is a per account or a per form violation. Briefing in the Fifth Circuit Case, *United States v. Alexandru Bittner*, Case No. 20-40597 is complete. And the Fifth Circuit's decision would be binding precedent that directly affects the outcome of the consildated instant case since all the assessments against Jagmail Gill and two assessments against Amarjit Gill exceed $10,000 per year.

In the present case, Jagmail and Amarjit Gill had signature authority, control or authority over, or an interest in foreign bank accounts for as follows:

| Year | Total Number Jagmail Gill's Foreign Accounts | Total Number of Amarjit Gill's Foreign Accounts |
|---|---|---|
| 2005 | 15 | 2 |
| 2006 | 17 | 2 |
| 2007 | 18 | 3 |
| 2008 | 22 | 4 |
| 2009 | 22 | 2 |
| 2010 | 25 | 2 |
| Total | 119 | 15 |

Despite having a legal obligation to file FBARs, Jagmail Gill and Amarjit Gill failed to timely file FBARs for 2005-2010 reporting their foreign accounts. Due to Jagmail and Amarjit Gill's non-willful failure to timely file FBARs reporting his financial interest in the foreign bank accounts, the IRS assessed non-willful FBAR penalties against them individually on a per account basis pursuant to 31 U.S.C. § 5321(a)(5) on October 28, 2016, as follows:

| Tax Year | Amount of Assessment against Jagmail Gill | Amount of Assessment against Amarjit Gill |
|---|---|---|
| 2005 | $ 89,335 | $1,000 |
| 2006 | $106,739 | $1,000 |
| 2007 | $115,568 | $9,537 |
| 2008 | $134,236 | $15,683 |
| 2009 | $140,143 | $10,000 |
| 2010 | $154,827 | $15,000 |
| Total | $740,848 | $52,220 |

If the Fifth Circuit determines that the non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(5)(B)(i) is a per year/form violation, the non-willful penalty would be capped or maxed out at $10,000 per year. As result, the amount at issue, for Jagmail Gill would be reduced from $740,848 to $60,000. (six years x $10,000 per year). The amount at issue for Amarjit Gill would be reduced to $41,537.[1]

The potentional significant reductions in the amounts at issue in the case impact the parties' decisions as to prosecuting, defending, discovery and settlement discussions of the case.

To conserve the parties and this Court's resources and time, the United States requests that this case be stayed and administratively closed until the Fifth Circuit renders its decision in *United States v. Alexandru Bittner*, Case No. 20-40597. After the Fifth Circuit's decision, the parties can move to re-open the case and continue forward.

The request is not made for delay but to conserve the parties and court's resources.

Plaintiff's counsel has conferred with Defendants' counsel, and Defendants do not oppose the relief requested.

        DAVID A. HUBBERT
        Acting Assistant Attorney General

        /s/ Herbert W. Linder
        HERBET W. LINDER
        Ohio Bar No. 0065446
        Attorney, Tax Division
        Department of Justice
        717 N. Harwood, Suite 400
        Dallas, Texas 75201
        (214) 880-9754
        (214) 880-9741 (facsimile)
        Herbert.W.Linder@usdoj.gov
        ATTORNEYS FOR THE UNITED STATES

---

[1] The 2008 and 2009-year assessments would be reduced by $5,683 and $5,000 respectively, or $10,683 in total. ($52,220 – $10,683 = $41,537).

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendants, Joshua Smeltzer, on July 20, 2021, and he stated that he was not opposed to the relief sought in the motion.

/s/ Herbert W. Linder
Herbert W. Linder

## CERTIFICATE OF SERVICE

I certify that on July 21, 2021, notice of filing of this document was made by delivery of the notice of electronic filing that is automatically generated by ECF on the following registered ECF users pursuant to Local Rule 5.1:

Nicole M. Elliott
HOLLAND & KNIGHT
800 17th Street NW, NW, Suite 1100
Washington, D.C. 20006

JOSHUA D. SMELTZER
DAVID C. GAIR
1601 Elm Street, Suite 4600
Dallas, Texas 75201

/s/Herbert W. Linder
HERBERT W. LINDER